**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| REGINALD L. SHUMPERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-3500 (UNA) |
| | ) | |
| KEITH D. SORRELL *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, has filed a complaint, ECF No. 1, and a motion for leave to proceed *in forma pauperis* (IFP), ECF No. 2.  The Court will grant the IFP motion and dismiss this action pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a federal prisoner at the United States Penitentiary in Florence, Colorado, serving a sentence of 240 months for bank robbery.  The conviction followed a bench trial in the Eastern District of Missouri on October 20, 2016.  *See Shumpert v. United States*, No. 1:19-cv-116 SNLJ, 2020 WL 4815892, at *1 (E.D. Mo. Aug. 19, 2020).  In this case, Plaintiff sues an assistant United States attorney in Cape Girardeau, Missouri, and "Jane Doe, State of Texas, Assistant District Attorney."  Compl. at 11.  The 26-page complaint, to the extent intelligible, alleges that the grand jury's indictment on May 19, 2016, was based on "false inaccurate information."  *Id*. at 1.  Plaintiff seeks (1) a declaration that the ensuing arrest violated his rights under the Fourth and Fifth Amendments to the U.S. Constitution, (2) an injunction compelling his immediate release from custody, and (3) monetary damages exceeding $60,000.  *Id*. at 15-16.

In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that when a successful challenge to a criminal conviction would necessarily imply the invalidity of the conviction or sentence, the plaintiff cannot bring a civil action for damages without first invalidating the conviction through a sanctioned proceeding. The D.C. Circuit later clarified that *Heck* also applies to lawsuits for equitable relief. *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)).

A claim, such as here, centering on the "evidence used to secure an indictment . . . directly challenges—and thus necessarily threatens to impugn—the prosecution itself." *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019). Thus, the "proper approach" for a criminal defendant believing "that the criminal proceedings against him rest on knowingly fabricated evidence" is "to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings." *Id*. Only if the criminal proceeding terminates in Plaintiff's favor will he have "a complete and present cause of action for the loss of his liberty[.]" *Id*. Simply stated, Plaintiff's claims "are not cognizable unless and until he meets the requirements of *Heck*." *Harris*, 611 Fed. App'x at 2.

That Plaintiff has been denied collateral relief under 28 U.S.C. § 2255, *see Shumpert*, 2020 WL 4815892, presents a seemingly insurmountable barrier. Nevertheless, this case will be dismissed without prejudice on the off chance that the conviction gets invalidated. A separate order accompanies this opinion.

_____/s/_____
JAMES E. BOASBERG
United States District Judge

Date:  November 23, 2022

2